UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OMAR YASEEN, | NO. 17-CV-5473 (MJD/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION & ORDER** |
| KATIE DEFIEL, et al., | |
| Defendant. | |

Omar Yaseen, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, Minnesota 55082, *pro se* Plaintiff.

Jonathan D. Moler, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, Minnesota 55101, for Defendants.

## INTRODUCTION

Plaintiff Omar Yaseen sued the Defendants, all employees of or officials with the Minnesota Department of Corrections, for violations of his Fifth and Eighth Amendment rights under the United States Constitution and for state law torts of assault and battery. He seeks a preliminary injunction[1] requiring Defendants to provide him with specific medical treatment and to transfer him to a different correctional facility. Because Yaseen

---

[1] Yaseen styles his request as a "Motion for a Temporary Restraining Order and Preliminary Injunction" and an "Order to Show Cause and Temporary Restraining Order." Docket No. 46. Because Defendants have responded to the motion, the Court views the request as one solely for a preliminary injunction.

has not demonstrated irreparable harm or likelihood of success on the merits, preliminary injunctive relief is inappropriate, and the motion is denied.[2]

## FINDINGS OF FACT

Yaseen is currently incarcerated at Minnesota Correctional Facility – Oak Park Heights. Am. Compl. ¶ 3, Docket No. 18. During his time at Oak Park Heights, Yaseen has complained of a myriad of physical and mental health problems. Aff. of Joan Wolff ¶¶ 4, 6-8, Ex. A (Yaseen Medical Records), Docket No. 58; Aff. of Angie Newstrom ¶ 16, Docket No. 52. In response, officials at the prison have provided him with various treatments, including appointments with an audiologist, Wolff Aff. ¶¶ 4-5, Ex. A, and frequent appointments with psychiatrists and counselors, Newstrom Aff. ¶¶ 3-5, Ex. A, Docket No. 54. Prior to the November 2016 incident, a psychiatrist diagnosed Yaseen with Disruptive Mood Dysregulation Disorder, Borderline Personality Disorder, and Antisocial Personality Disorder. Newstrom Aff. ¶ 5. Yaseen was prescribed medications. *Id.*

On November 19, 2016, an incident occurred between Yaseen and several prison staff members, though accounts of the interaction differ. Several staff members responded to a call that Yaseen was "self-injurious." Wolff Aff. Ex. A., p. 167 (Progress Notes); Am. Compl. ¶ 15. According to notes made by Nurse Johannes Olivier, staffers attempted to inspect serrations on Yaseen's forearm and check his body for feces, but Yaseen physically resisted. Wolff Af. Ex. A, p. 167-68. After Yaseen was moved to a new cell, he banged his head on the door several times, so was restrained. *Id.* at 168.

---

[2] Yaseen also seeks court-appointed legal counsel. For reasons stated below, that motion is also denied.

According to Yaseen, he was cooperating with the unclothed inspection when several staffers began to kick and choke him, Am. Compl. ¶ 20-21, during which time his head hit the concrete wall of the cell. Decl. of Omar Yaseen ¶ 2, Docket No. 48.

Outpatient mental health staff saw Yaseen on several occasions while Yaseen was on continuous observation status following the encounter. Newstrom Aff. ¶¶ 6-9. Since then, Yaseen has regularly seen outpatient counselors and contract psychiatrists. *Id.* at ¶¶ 10-45. The course of treatment Yaseen has received is based on a diagnosis of emotion management issues, rather than mental health problems, a diagnosis he disputes. *Id.* at ¶¶ 14-16.

After the incident, Yaseen reported health problems, including constant headaches. In January 2017, Yaseen saw a contract physician, who consulted with a neurologist.[3] Wolff Aff. ¶ 7, Ex. A, pp. 34-36. Later, Yaseen saw an otolaryngologist, who recommended a neurology consult and a CT scan of Yaseen's left ear. *Id.* at Ex. A, pp. 29-32. Yaseen saw a neurologist, who prescribed a new migraine regimen and anti-nausea medicine, and also referred Yaseen to an optometrist. *Id.* at Ex. A, pp. 25-28. Yaseen received a letter from his doctor indicating that the CT scan showed no anomalies. *Id.* at Ex. A, p. 4. During this same time, Yaseen has received other medical treatment, including for an apparent overdose of one of his medications. *Id.* at Ex. A, pp. 5-23.

---

[3] Reconstruction of Yaseen's medical treatment was more challenging than it needed to be. First, Wolff's affidavit contained no citations to Yaseen's medical records, even for facts that were clearly not within Wolff's personal knowledge. Second, the medical records appended as Exhibit A were generally in reverse chronological order—but not always. Finally, some alleged treatment dates in the affidavit do not align with any of the medical records, which suggests either incomplete documentation or mistakes in the timeline.

3

**CONCLUSIONS OF LAW**

**I.      Request for Preliminary Injunction**

Yaseen seeks a preliminary injunction from this Court requiring Defendants to (1) provide him with "appropriate"—but unspecified—neurological treatment, (2) provide him with unspecified psychological evaluations and treatment, and (3) transfer him to another facility within the Minnesota Department of Corrections. He focuses his argument solely on his Eighth Amendment medical needs claims. But Yaseen has failed to demonstrate a likelihood of success on the merits or an irreparable injury, so his motion must be denied.

**A.      Legal Standard**

"A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted). That burden becomes higher still when, as here, the movant seeks to alter the status quo and gain relief akin to what he ultimately seeks through a permanent injunction. *See Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993).

When considering a preliminary injunction, this Court weighs four well-known factors: (1) the movant's likelihood of success on the merits; (2) the irreparable harm the movant may face without the injunction; (3) the balance of harms between the movant and the non-movants if the injunction issues; (4) and any public interest that may be served or hindered by the injunction. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113-14 (8th Cir. 1981). No one factor, including likelihood of success, is generally dispositive for granting preliminary relief. *Id.* at 113. However, a failure to show irreparable

harm is "sufficient to deny a preliminary injunction." *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007).

### B.     Mental Health Treatment and Transfer

As an initial matter, Yaseen is not entitled to two of the three types of injunctive relief he requests in his motion. Because preliminary injunctions are intended to preserve the status quo and prevent irreparable harm, Yaseem "must necessarily establish a relationship between the injury claimed in [his] motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). He cannot do this for the mental health care he requests because there are no allegations of inadequate mental health care asserted in his Amended Complaint. Although he had alleged deficient psychological care in his original Complaint, Compl. 34, Docket No. 1, his Amended Complaint contains no such allegations. *See generally* Am. Compl. The Court put Yaseen on notice of Local Rule 15.1(a) and informed him that any amended pleading should contain "*every* factual allegation and *every* legal claim he intends to raise." Order, Apr. 19, 2018, Docket No. 17. Because there is no connection between his operative pleading and the desired relief, the Court cannot grant a preliminary injunction requiring Defendants to provide psychological treatment.

Yaseen's request for a transfer during the pendency of the litigation suffers the converse problem. In his Amended Complaint, he alleges that several defendants used excessive force against him and that other defendants denied him due process, but he does not attempt to demonstrate in his motion or its supporting material that he will suffer an irreparable injury by staying at MCF – Oak Park Heights. Because Yaseen bears the burden of demonstrating his entitlement to a preliminary injunction, *Watkins, Inc.*, 346

F.3d at 844, the Court will not attempt to construct this argument for him and concludes that Yaseen has not met his burden.

### C. Deficient Medical Care Claim

The remaining preliminary relief Yaseen seeks, neurological treatment, is clearly related to his claim that prison staff have deliberately disregarded his serious medical need. But an injunction is still inappropriate because Yaseen cannot show that he is likely to succeed on the merits of this claim or that an irreparable injury will result if an injunction does not issue.

#### a. Likelihood of Success on the Merits

Based upon the record currently before the Court, Yaseen has not demonstrated a reasonable likelihood of success on the merits of his Eighth Amendment medical care claim. To succeed on the merits, Yaseen must show that prison officials acted with "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This requires first showing that he "suffered from an objectively serious medical need[,]" which is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Yaseen must then show the Defendants "knew of" the need for medical treatment, "yet deliberately disregarded it." *Id.* This deliberate indifference requires showing something more than negligence, and is based on what Defendants knew at the time of their inaction. *Id.*

Yaseen has not shown that he is likely to succeed in showing deficient medical care following the November 2016 altercation. The record clearly indicates that Yaseen's

physician referred him for a CT scan and a neurological examination. Wolff Aff. Ex. A, pp. 29-32. But the record does not show, as Yaseen alleges, that these referrals were made as treatment for a diagnosis of medical condition. Rather, the referrals were apparently only made in furtherance of reaching a complete diagnosis. *Id.* at Ex. A, p. 44. Even if the neurological evaluation and CT scan were treatments, Yaseen cannot show deliberate disregard by prison staff because the record is clear that he has had at least one neurological evaluation and one CT scan within six months of the referral. *Id.* at Ex. A, pp. 4, 25-28. These records directly contradict Yaseen's statements in his declaration and nothing else in his medical records indicates that he is not receiving any form of treatment prescribed by a physician.

### b. Irreparable Injury

For similar reasons, Yaseen has not established that he will suffer irreparable harm absent injunctive relief. To secure preliminary relief, Yaseen must show that the risk of harm is significant and not merely speculative. *LaDue*, 514 F. Supp. 2d at 1135. Yaseen states "on information and belief" that his condition is life threatening and that he suffers pain daily, Yaseen Decl. ¶¶ 9, 11, but this claim is belied by the extensive medical records previously discussed. Any allegation of impending death or permanent damage is unsupported speculation.

Yaseen incorrectly contends that the alleged constitutional violation, standing alone, is sufficient to show irreparable injury. Most of the cases he cites in support of this argument involve First Amendment violations, which the Supreme Court expressly—and narrowly—held constitute an irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Even if *Elrod* applied to Eighth Amendment claims, Yaseen has not shown that he is likely

to succeed on his deficient medical care claim and so "has not shown a threat of irreparable harm that warrants preliminary injunctive relief." *Powell v. Noble*, 798 F.3d 690, 702 (8th Cir. 2015). The Second Circuit, which Yaseen also cites, has broadened these principles and held that any alleged deprivation of a constitutional right is sufficient to show irreparable harm. *See, e.g.*, *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (citing *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984)). But that is plainly not the rule in this Circuit. *Powell*, 798 F.3d at 702.

### D. Conclusion

Because it finds that Yaseen has not demonstrated he is likely to succeed on the merits of his deficient medical care claim or suffer irreparable harm if an injunction does not issue, this Court need not examine the remaining two *Dataphase* factors. *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 779 (8th Cir. 2012). Yaseen has failed to demonstrate that the balance of equites favors granting any of the preliminary relief he seeks, so his motion is denied.

## II. Request for Appointment of Counsel

Yaseen also asks the Court to appoint counsel to represent him, citing his limited English proficiency and the medical issues in this case that may require expert testimony. Mot. for the Appointment of Counsel, Docket No. 43. *Pro se* litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter committed to the discretion of the district court. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the Court should consider in determining whether to appoint counsel are the factual complexity of the case, the

ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. *McCall*, 114 F.3d at 756; *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

It is not currently apparent that appointment of counsel would benefit either Yaseen or the Court. Yaseen has stated his claims and the basis for each with reasonable clarity. The Court cannot say at this stage that the legal or factual complexities of this action are so great that a *pro se* litigant cannot pursue it without assistance. Further, this Court previously referred Yaseen to the Federal Bar Association's *Pro Se* Project. Letter from Magistrate Judge David T. Schultz to Omar Yaseen (May 10, 2018), Docket No. 23. The coordinator of the *Pro Se* Project has informed the Court that volunteer attorneys met with Yaseen, but determined they could not represent him because he was uncooperative. Given this posture, the Court will not appoint counsel at this time, but will reconsider the matter *sua sponte* should circumstances dictate.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff Omar Yaseen's Motion to Appoint Counsel [Docket No. 43] is DENIED.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Plaintiff Omar Yaseen's Motion for a Temporary Restraining Order and a Preliminary Injunction [Docket No. 46] be DENIED.

Dated: January 31, 2019              s/David T. Schultz
                                     DAVID T. SCHULTZ
                                     United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).