UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OMAR YASEEN, | CIVIL NO. 17-5473 (MJD/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| KATIE DEFIEL, et al., | |
| Defendants. | |

Omar Yaseen, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, Minnesota 55082, *pro se* Plaintiff.

Jonathan D. Moler, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, Minnesota 55101, for Defendants.

## INTRODUCTION

Plaintiff Omar Yaseen, currently incarcerated at the Minnesota Correctional Facility at Oak Park Heights, brought this lawsuit under 42 U.S.C. § 1983. He claims the Defendants, acting under the color of state law, violated his constitutional rights by (1) using excessive force against him during an altercation, (2) denying him due process during a subsequent disciplinary hearing, and (3) being deliberately indifferent to his serious medical needs. He also brings claims for assault and negligence under Minnesota state law. In this partial motion to dismiss, Defendants ask the Court to dismiss some of Yaseen's claims and some of the named parties in their entirety. For the reasons stated below, the Court recommends that Yaseen's Fourteenth Amendment and Eighth Amendment medical care claims be dismissed in their entirety, and that the Eighth

Amendment excessive force claim be dismissed as against Defendants Reishus and Defiel. The Court further recommends Yaseen's state law negligence claim be dismissed.

## FINDINGS OF FACT[1]

**I.   November 2016 Altercation and Subsequent Disciplinary Hearing**

Yaseen alleges that, in November 2016, as Defendant Johannes Olivier finished a medical assessment of Yaseen in his cell, Defendants Seeclia Jaiteh, Daniel Meyer, Matthew Swanson, Dustin Engh, Allison Zindlev, Lindsay Mosser, and Amsden[2] arrived. Am. Compl. ¶¶ 8, 19, Docket No. 18. Meyer allegedly said "resisting staff," at which point Jaiteh, Swanson, Engh, Zindlev, and Amsden began to strike and choke Yaseen. *Id.* at ¶ 21. Yaseen allegedly suffered bruises and a head injury from these strikes. *Id.* Meyer, Johannes, and Mosser watched these events occur, but did not intervene. *Id.* at ¶ 22. Meyer then allegedly placed Yaseen in a restrain chair in an outdoor area, despite Yaseen not resisting or otherwise breaking any rules. *Id.* at ¶¶ 23-24. Yaseen was subsequently taken to a clinic, where his injuries were examined. *Id.* at 28.

Yaseen alleges that, prior to the November 2016 altercation, he, or other inmates, attempted to warn Defendants Tom Roy, Michelle Smith, David Reishus, and Sharlene Lopez about the abusive behavior of their subordinates through numerous grievance filings and complaints, but these Defendants took no action. *Id.* at ¶ 27. Roy is the Commissioner of the Minnesota Department of Corrections. *Id.* at ¶ 13. Smith is the

---

[1] On this 12(b)(6) motion, the Court accepts all of Yaseen's factual allegations in his Complaint as true. *E.g., Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002).

[2] Although Yaseen discusses a correctional officer named Amsden in his Complaint, it does not appear that a summons was ever issued or that Amsden was otherwise served.

warden at Oak Park Heights. *Id.* at ¶ 11. Reishus is the Associate Warden of Operations at Oak Park Heights. *Id.* at ¶ 9. Lopez is the Program Director for the Administrative Segregation Unit at Oak Park Heights. *Id.* at ¶ 7.

Following the incident, Yaseen alleges he was charged with disciplinary violations for, among other things, assaulting and threatening staff and inciting a riot. *Id.* at ¶ 29. The officials who oversaw the disciplinary hearing[3] allegedly declined to call any of the witnesses Yaseen requested. *Id.* at ¶ 31. Yaseen further alleges that the statements by prison staff relied on by the hearing officials were entirely devoid of any facts demonstrating that he incited a riot among other inmates. *Id.* at ¶ 34. The officials found Yaseen guilty of the alleged violations and sentenced him to 150 days of disciplinary segregation, 30 days of extended incarceration, and placement for one year on the Administrative Control Status Program. *Id.* at ¶ 32. Yaseen states that he appealed the decision to Defendants Smith and Roy, but they denied the appeal. *Id.* at ¶¶ 35-36.

## II.     Yaseen's Medical Care

Yaseen also makes allegations relating to his medical treatment. Specifically, he alleges that, while seeing a neurology specialist at a medical clinic, the specialist wrote a note to be sent back to Oak Park Heights. *Id.* at ¶ 37. Yaseen does not allege what the specialist told him or what was in the note.

He further alleges that, beginning in December 2017, he has submitted repeated requests to get an appointment with a neurology specialist and to receive physical

---

[3] Yaseen refers to "Gahm Zachary" and "Braun William" as defendants, but they were apparently never served with this lawsuit. Nor does Yaseen mention them as parties before discussing the disciplinary hearing.

3

therapy. *Id.* at ¶¶ 38-39. When those requests allegedly went unanswered, he filed grievances, which he understands go to "individuals responsible for the matter that the grievance concerns."[4] *Id.* at ¶¶ 39-40. He alleges that, at the time he filed his lawsuit, four months have passed, but he has received no response, despite suffering significant pain. *Id.* at ¶¶ 43-44.

## CONCLUSIONS OF LAW

Yaseen's Amended Complaint raises an Eighth Amendment excessive force claim, one or more Fourteenth Amendment due process claims, and an Eighth Amendment medical care claim. Invoking the Court's supplemental jurisdiction, it also raises a state law assault claim based on the same allegations as the excessive force claim, and a state law negligence claim based on the same allegations as the medical care claim. The Court agrees with the Defendants that Yaseen's due process claims and medical care claims should be dismissed in their entirety, and that two of the Defendants should have the excessive force claims against them dismissed.

**I.     Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint "must allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It need not be detailed, but it must contain more than a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. "Though pro se complaints are to be construed

---

[4] One such individual Yaseen names is "Craane, Stephen, M.D." Again, no such individual was apparently served with this lawsuit.

4

liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court accepts all of the factual allegations in the complaint as true and draws all reasonable inference in favor of the plaintiff. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Courts "generally must ignore materials outside the pleadings," but "may consider some materials that are part of the public record or do not contradict the complaint," as well as "materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations omitted). Courts may also consider material attached to a complaint as part of the pleading itself. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001).

## II.   Eighth Amendment Excessive Force Claim—Failure to Supervise

Yaseen raises an excessive force claim, not just against the Defendants he alleges were directly involved in the November 2016 incident, but also against Roy, Smith, Reishus, Defiel, and Lopez.[5] Liberally construed, he claims these Defendants were deliberately indifferent to the serious threat of excessive force by failing to supervise their subordinates. Although he does not adequately plead facts relating to Defiel or Reishus, Yaseen has adequately pleaded a claim against the other three Defendants to survive a motion to dismiss.

---

[5] Not all of these Defendants are named in Yaseen's Claims for Relief in conjunction with the excessive force claim, but he alleges their involvement in other places. *E.g.*, Am. Compl. ¶ 48. Following Defendants' lead, the Court construes the Complaint as raising the excessive force claim against all these individuals. *See Stone*, 364 F.3d at 915 ("[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper framework.").

A supervisor may not be held liable for a § 1983 claim under a theory of respondeat superior. *Wagner v. Jones*, 664 F.3d 259, 275 (8th Cir. 2011). Rather, liability is limited to a supervisor's personal involvement in a constitutional violation or "when the supervisor's corrective inaction constitutes deliberate indifference toward the violation." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). "A prison official may be liable for failure to protect an inmate from a use of excessive force if he is deliberately indifferent to a substantial risk of serious harm to an inmate." *Estate of Davis by Ostenfield v. Delo*, 115 F.3d 1388, 1395 (8th Cir. 1997). To constitute such deliberate indifference, "[t]he supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he or she] might see." *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994). In sum, to subject the present supervisors to personal liability, Yaseen must show they:

(1) Received notice of a pattern of unconstitutional acts committed by subordinates;

(2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;

(3) Failed to take sufficient remedial action; and

(4) That such failure proximately caused injury to [him].

*Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996).

The Complaint does not sufficiently plead a claim for deliberate indifference against Defiel or Reishus. Yaseen does not allege that either Defendant was somehow personally involved in the attack, or was otherwise responsible for supervising the staff he alleges attacked him. Accordingly, Yaseen has not sufficiently pleaded any claim against Defiel or Reishus regarding a failure to supervise, so that claim as against them must be dismissed.

6

Yaseen has, however, sufficiently pleaded a claim as to the other three Defendants. His description of each Defendants' supervisory duties suggests they relate in some shape or form to overseeing or disciplining the staff in question. An allegation regarding a supervisor's duties is, alone, insufficient to establish liability. *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983). But Yaseen makes a critical additional allegation regarding Roy, Smith, and Lopez: they were "placed on notice of the abusive conduct" of their subordinates "by a number of complaints and grievances over many months," but failed to take any action despite these complaints. *Id.* Fairly interpreted, this allegation may be construed to state that (1) Yaseen (or other inmates) made one or more complaints to each of the four Defendants about one or more of their subordinates, and (2) these Defendants have subsequently taken no action. Construing the Complaint this way, the Court is satisfied that Yaseen has pleaded facts sufficient to state a claim for the insufficient supervision of the subordinates. He has pleaded that Roy, Smith, and Lopez were made aware of possibly unconstitutional activity in the form of excessive force by people under their command. He further pleads, not just that they took insufficient action, but that they took no action whatsoever. It is hardly a logical leap to then infer that the alleged failure to intervene was a tacit condonement of the subordinates' behavior and allowed them to continue with such behavior until it resulted in the November 2016 incident.

The Defendants argue that Yaseen's Complaint lacks sufficient detail regarding the steps Yaseen took to report staff to the Defendants, or what kind of conduct the Defendants were told was occurring. Admittedly, the Complaint does not provide great detail about how many grievances and complaints were sent to each Defendant, when,

7

or which subordinate's conduct they alerted the Defendants to. But such detail is not required, particularly for a pro se litigant. *Stone*, 364 F.3d at 915 ("[I]f the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be consider within the proper legal framework."). Accordingly, the deliberate indifference claim against Roy, Smith, and Lopez states a claim and shall not be dismissed.

## III.    Fourteenth Amendment Due Process Claims

Although he requests the same relief for both, Yaseen's Complaint, most fairly construed, raises two separate Fourteenth Amendment issues: a procedural due process claim for declining to call requested witnesses, and a due process claim under *Jackson v. Virginia*, 43 U.S. 307 (1979), for insufficient evidence to support a guilty finding. Neither states a claim that may survive a motion to dismiss.

### A.    Insufficient evidence

Yaseen's allegations that prison officials violated his due process rights by finding him guilty of inciting a riot fails to state a claim for which relief may granted because any such claim is directly contradicted in his own Complaint. After Yaseen filed his Amended Complaint, he sought to file 66 pages of documents. Mot. for Produc. of Docs., Docket No. 21; Compl. Exs., Docket No. 22.[6] The Court granted his motion, concluding that he intended to file the documents in support of his Amended Complaint. Order, July 25, 2018,

---

[6] Because Yaseen does not label the documents he submitted, and for the reasons articulated above, the Court shall refer to the documents at Docket No. 22 as the "Complaint Exhibits." Because there is no consistent pagination, the Court shall also make use of the numbering from the docket heading when citing to the Complaint Exhibits.

Docket No. 29. The exhibits are best viewed as attachments to Yaseen's Complaint, and, as such, are viewed as part of the pleading itself, so this Court may consider them on a motion to dismiss.[7] *Abels*, 259 F.3d at 921.

Yaseen's Complaint is self-contradictory regarding his allegations. Both the Notice of Violation and Hearing Findings Yaseen states he received show that he was charged with, and found guilty of, each of the violations he said he was—except for inciting a riot. Compl. Exs. pp. 27-32. Because the documents themselves clearly belie Yaseen's characterization of them, the Court is compelled to ignore Yaseen's factual allegations that he was found guilty of, or even charged with, inciting a riot. Without these allegations, his claim for a due process violation stemming from insufficient evidence cannot stand. Continuing to take as true Yaseen's allegation that none of the staff made any statements about him inciting a riot, such a fact is irrelevant if he was not punished for such conduct.

### B. Failure to call witnesses

Yaseen also alleges that his Fourteenth Amendment procedural due process rights were violated because he was not allowed to call any live witnesses at his disciplinary hearing. That claim fails as a matter of law.[8] Although an inmate is entitled to due process before being subjected to additional punishment not part of his sentence, he is not entitled

---

[7] Even if this Court could not view the filed documents as attachments incorporated into the pleading, it could still consider any of the documents "embraced by the complaint." *Porous Media Corp.*, 186 F.3d at 1079. Here, that would include the Notice of Violation and Hearing Findings, both of which Yaseen claims he received, and even purports to quote. Am. Compl. ¶¶ 29, 32.

[8] Defendants advanced several other arguments that dismissal of the procedural due process claim was warranted. The Court implies no judgment on the merits of these arguments by not discussing them, except that no other argument was so singularly dispositive of the issue.

to all of the procedural rights of a criminal prosecution. *Malek v. Camp*, 822 F.2d 812, 815 (8th Cir. 1987). Specifically, although prison officials my not "arbitrarily deny an inmate's request to present witnesses or documentary evidence[,]" *id.*, they "must have the necessary discretion to keep the hearing within reasonable limits and refuse to call witnesses . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Such flexibility is necessary for prison maintenance and "[t]here is this much play in the joints of the Due Process Clause[.]" *Id.*

Under these lower procedural standards for inmates, Yaseen's Complaint provides no set of facts that entitle him to relief on his claim. Yaseen was able to testify on his own behalf. Compl. Exs. at p. 30, Docket No. 22. Further, Yaseen alleges that the hearing officer offered a reason for not calling Yaseen's witnesses, state that he was not going to call the particular witnesses "to a hearing involving a segregation inmate" and that the hearing officer believed that "the staff report gave a full picture of the incident." Am. Compl. ¶ 31. Otherwise, Yaseen does not allege that the witness testimony he was denied was necessary to prove a critical point about which he himself could not testify. Nor does he claim that he was not allowed to submit witness statements or other material in lieu of the live testimony. Nothing in the Complaint or Exhibts otherwise suggests arbitrariness by the hearing officer. *See Wolff*, 418 U.S. at 566. Taking all that Yaseen claims as true, and even with the benefit of an additional inferential step, the Court fails to see how, as a matter of law, he can demonstrate a due process violation under these circumstances.

Yaseen's Complaint is much like the one considered by the Eighth Circuit in *Malek*, where it affirmed dismissal of the plaintiff's procedural due process claim. In *Malek*, the plaintiff challenged his disciplinary hearing because he was not allowed to call

approximately thirteen witnesses, but was allowed to testify and submit the written statement of one other inmate. *Malek*, 822 F.2d at 815. In his Complaint, the plaintiff "stated only that the proffered live testimony would similarly have supported his contention." *Id.* Under those circumstances, the Eighth Circuit found that the offered testimony "was not reasonably necessary to resolve the conflict and would cause undue delay." *Id.* As such, the plaintiff "could prove no set of facts entitling him to relief on [that] claim." *Id.* The comparison is apt and, if any meaningful difference can be said to exist, it cuts against Yaseen, as he has not alleged how his proposed witnesses would have contributed to his defense. Yaseen's procedural due process claim fails as a matter of law, and is dismissed in its entirety.

## IV.   Eighth Amendment Medical Care Claim

Apart from his claims stemming from the November 2016 incident, Yaseen alleges that he suffers from serious medical needs that have gone untreated. He refers to two distinct medical conditions he asserts require treatment: his ankle and some form of neurological condition. His Complaint fails to state a claim for either of these.

Prisoners are protected under the Eighth Amendment from deliberate indifference to their medical needs by state actors. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Under the objective component, a plaintiff must show that he suffered from an objectively serious medical need. *See Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014). "To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention."

11

*Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (quotations omitted). "When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, 'the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.'" *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). Under the subjective component, the plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." *Scott v. Benson*, 742 F.3d at 340. This showing amounts to more than negligence or even gross negligence and is instead akin to criminal recklessness. *Id.*

Construed in the best possible light, Yaseen's allegations regarding his medical care fail to state the objective seriousness of his needs. As to his alleged ankle injury, nowhere, including in the exhibits, does Yaseen allege that a doctor has diagnosed his ankle injury or otherwise prescribed a course of treatment for his ankle. He otherwise alleges no facts even tending that a layperson would recognize his ankle injury as requiring a doctor's attention. *See Jones v. Minn. Dept. of Corrections*, 512 F.3d 478, 482-83 (8th Cir. 2008) (explaining that even a physical manifestation of symptoms is not, alone, sufficient to show that a layperson would know there was a serious medical need). Taking the few factual allegations about his ankle—that is causes him pain and does not turn properly—as true, Yaseen has at best pleaded negligence, which is not sufficient for an Eighth Amendment claim under § 1983.[9] *Id.* at 484 ("At most, the Shakopee staff was

---

[9] Having found that Yaseen failed to plead the existence of a serious medical need, the Court need not advance to the subjective prong of the analysis.

negligent in not recognizing a medical need, which does not rise to the level of deliberate indifference.").

Yaseen has also failed to plead a serious medical need regarding any neurological condition. Neither his Complaint or exhibits allege a medical diagnosis of a neurological disorder requiring treatment. One exhibit incorporated into his Complaint shows that a doctor recommended a CT scan, but in furtherance of making a diagnosis, not as treatment for a diagnosis.[10] Compl. Exs. at 9. He does not otherwise allege that any neurological condition manifested physically in such a way that prison officials or staff recognize the seriousness of condition as requiring medical attention. To the contrary, Yaseen appears to allege, not that he is receiving no medical treatment whatsoever—which his own exhibits belie—or that the treatment is wholly inadequate, but that he is unhappy with the course of treatment he is receiving. Such "[d]isagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs." *Davis v. Hall*, 995 F.2d 151, 153 (8th Cir. 1993). Because it fails to plead the existence of an objectively serious medical need, Yaseen's Eighth Amendment claim for deliberate indifference to a medical need must be dismissed.

## V.  Pendent State Law Claims

Finally, Defendants argue that the Court should decline to exercise its supplemental jurisdiction over Yaseen's state tort claims for assault and negligence. Because the Court dismisses the federal claim regarding Yaseen's medical treatment, the corresponding state law claim for negligence is also dismissed. However, because

---

[10] Peering ahead to the subjective prong, and assuming *arguendo* that the recommended CT scan was a treatment, Yaseen has effectively pleaded that he received the scan. Compl. Exs. at 15.

13

the Court did not dismiss the excessive force claims—and the Defendants did not request that they be—it shall retain jurisdiction over the state assault claim.

This Court may exercise supplemental jurisdiction over Yaseen's state law claims to the extent that they are part of the same case or controversy as the claims invoking the Court's original jurisdiction. 28 U.S.C. § 1367(a). If the Court dismisses the claims over which it has original jurisdiction, it has the discretion to decline further exercise of that supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Zutz v. Nelson*, 6001 F.3d 842, 850 (8th Cir. 2010). The Eighth Circuit encourages federal courts to "avoid state law issues whenever possible." *Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000) (quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215,220 (8th Cir. 1990)).

Having dismissed Yaseen's federal claim regarding his medical care, it is an appropriate exercise of discretion to also dismiss his negligence claim. State law claims heard under § 1367(a) are part of the same case or controversy as a federal claim "if they derive from a common nucleus of operative fact." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 963 (8th Cir. 2011) (internal quotation omitted). There are two "nuclei" of operative facts in Yaseen's present action: (1) those allegations relating to the November 2016 incident and the subsequent repercussions of it, and (2) the allegations regarding his medical care. The only claims arising from his medical care are the Eighth Amendment deliberate indifference claim and the state law negligence claim. Having dismissed the deliberate indifference claim, there are no more federal claims arising from the same nucleus of facts as the state law negligence claim. Because the dismissal of the federal claim has occurred so early in the litigation, well before trial or even discovery, it

is prudent to dismiss the negligence claim without prejudice. If Yaseen wishes to pursue it, he may do so in state court.

However, the Court declines Defendants invitation to dismiss Yaseen's state law assault claim. That claim clearly arises from the same nucleus of facts as the still live Eighth Amendment excessive force clam. The Court's jurisdiction over the pendant claim is thus proper, and the Defendants do not offer any other discretionary basis to decline the exercise of that jurisdiction. Further, 42 U.S.C. § 1367(a) clearly countenances supplemental jurisdiction over state law claims that require the joinder of additional parties. So, the dismissal of the excessive force claim against any of the individual Defendants is irrelevant.

## RECOMMENDAITON

For the reasons stated on the record, the Court RECOMMENDS THAT:

1. Defendants' Partial Motion to Dismiss [Docket No. 33] be GRANTED IN PART AND DENIED IN PART.

2. Plaintiff's Eighth Amendment excessive force claim against Defendants Katie Defiel and David Rieshus be DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's Fourteenth Amendment due process claims be DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's Eighth Amendment medical care claim be DISMISSED WITHOUT PREJUDICE.

5. Plaintiff's Minnesota tort law claim for negligence BE DISMISSED WITHOUT PREJUDICE.

Dated: February 28, 2019

                                        s/David T. Schultz
                                        DAVID T. SCHULTZ
                                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).